UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL WILLIAMS                                          CIVIL ACTION

v.                                                        NO. 12-1274

DISTRICT ATTORNEY PAUL CONNICK, JR., ET AL.               SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to set aside the Magistrate Judge's Order granting in part the non-party movants and Jefferson Parish District Attorney's ("JPDA") motions to quash. For the reasons that follow, the plaintiff's motion is GRANTED, and Magistrate Judge Knowles' June 25, 2014 Order is REVERSED and REMANDED for additional proceedings.

Background

This civil rights case arises out of a wrongful conviction of Michael Williams, who was charged with murder, tried, convicted, and sentenced to life in prison. He served over 15 years in prison for murdering Michelle Gallagher before Christopher Landry—on whose testimony the State's case hinged—recanted his testimony and admitted to lying to both the grand jury and to the judge during Williams' murder trial. Mr. Williams alleges that Landry's testimony was actively shaped by police and prosecutors in advance

1

of trial, and that no physical evidence linked Williams to the crime. In a recanting affidavit, Landry admitted that he had lied because Detective Grey Thurman had threatened to charge Landry with the crime unless he inculpated Mr. Williams. Additionally, Williams alleges that the State failed to disclose numerous pieces of exculpatory evidence that directly undercut the State's theory at trial.[1]

It is Williams' position that his ordeal was the result of a concerted bad faith effort by the police and district attorney, to falsely convict him of murder, in violation of his constitutional and legal rights. Williams filed suit on May 16, 2012, and, after some motion practice, his § 1983 claims against Jefferson Parish District Attorney Paul Connick, Jr., in his official capacity; Detective Grey Thurman, in his individual capacity; and Sheriff Newell Normand, in his official capacity as Sheriff of the Jefferson Parish Sheriff's Office, remain active. Against Paul Connick, Jr., in his official capacity, Williams asserts a claim of municipal liability for failure to train and for maintaining an unconstitutional custom and deliberate indifference with respect to the discharge of Brady obligations.

On May 1, 2014, Williams issued subpoenas duces tecum on the Louisiana Office of Disciplinary Counsel ("ODC") and the Louisiana

---

[1] The alleged facts of this case are more completely summarized in Williams v. Connick, No. 12-1274, 2014 WL 172520 (E.D.La. Jan. 15, 2014).

Attorney Disciplinary Board ("LADB"),in which he seeks all documents related to 18 former and current Louisiana state attorneys. The ODC and LADB filed nearly identical motions to quash the subpoenas, arguing that the subpoenas (1) require production more than 100 miles from where they reside and regularly transact business in violation of Rule 45(c)(2)(A); (2) seek confidential – and therefore privileged – documents, and (3) are unduly burdensome in its request for documents that are publicly available online. Connick also filed a motion in support of the motions to quash, contending that the subpoenas exceed the temporal scope outlined by Magistrate Knowles prior discovery orders, and seek irrelevant documents.

On June 25, 2014, Magistrate Judge Knowles granted in part the motions to quash, determining that the confidential documents sought by Williams are irrelevant, but that the request for public records is not unduly burdensome. The right to modify and re-propound the subpoenas was reserved for Williams, so long as they (1) designate a place for production within 100 miles of ODC and the LADB; (2) are temporally limited in compliance with the court's May 25, 2014 Order; and (3) seek only public, non-confidential documents. Williams now asks that the Court set aside that portion of the Magistrate Judge's Order granting the motion to quash on relevance grounds.

I. Standard of Review

Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), Williams requests that the Court set aside Magistrate Judge Knowles' June 25, 2014 Order, in which he granted in part the motions to quash filed by the ODC, LABD, and Connick.

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed.R.Civ.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

II. Law and Application

The plaintiff challenges the portion of Magistrate Judge Knowles' June 25 Order that granted the motions to quash filed by the ODC, LADB, and the JPDA.

Relying on the Supreme Court's opinion in Connick v. Thompson, Magistrate Judge Knowles concluded that the confidential documents sought by Williams are irrelevant because they cannot independently

4

prove the deliberate indifference element of his Monell[2] claim. 131 S.Ct. 1350 (2011). In Connick, the Supreme Court found that four public and open reversals of convictions "could not have put [the New Orleans District Attorney] on notice that the office's Brady[3] training was inadequate with respect to the sort of Brady violation at issue." 131 S.Ct. at 1360. As such, Magistrate Judge Knowles reasoned that "surely a confidential proceeding about which [Connick] knew nothing would not be sufficient to put him on notice. These documents are thus irrelevant to the Monell claim." Williams v. Connick, No. 12-1274, 2014 WL 2882943, at *4 (E.D.La. June 25, 2014).

Williams contends that Magistrate Judge Knowles applied a clearly erroneous relevance standard, and that his conclusion improperly assumes that Connick could not or did not know about disciplinary complaints against his subordinates. Movants and JPDA counter that the magistrate judge correctly determined this information in his relevance ruling, and in the alternative, this Court can affirm the Order on other grounds even if it finds the Magistrate Judge's Order to be clearly erroneous.

The Court finds that the magistrate judge clearly erred in determining that the requested information was irrelevant.

---

[2] Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658 (1978).

[3] Brady v. Maryland, 373 U.S. 83 (1963).

Magistrate Judge Knowles applied a demanding relevance test, assessing the information sought in the subpoenas against the possibility that it could independently satisfy the deliberate indifference element of Williams' Monell claim - a standard appropriate for the judge or jury at trial. Williams, on the other hand, correctly identifies the appropriate standard of relevance in the context of discovery: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26. In fact, Williams has enumerated a couple of ways in which the discovery he seeks could possibly lead to evidence admissible at trial: he could use the documents as a basis for questioning witnesses about the alleged attorney misconduct, and the documents may reveal involvement by JPDA supervisors in the underlying disciplinary proceedings. He need not do more.

Accordingly, IT IS ORDERED that the plaintiff's motion to set aside the Magistrate Judge's Order is GRANTED, the portion of the Magistrate Judge's June 25th Order granting the motion to quash on relevance grounds is REVERSED, and the matter is REMANDED for further proceedings consistent with this Order.[4]

---

[4]Williams has yet to re-issue the subpoenas in compliance with those parts of Magistrate Judge Knowles' Order to which he does not now seek review, namely, the 100 mile radius for the delivery of discovery documents and the temporal scope of discovery.
    The Court declines to address the other grounds advanced by the ODC, LABD, and the JPDA in their motions to quash. Thus, the

New Orleans, Louisiana, August 11, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

question of whether the confidentiality accorded to LADB and ODC files results in privilege in the context of a § 1983 action remains unresolved. The Court is reluctant to rule on this issue in light of the uncertain status of the yet-to-be-re-issued subpoenas and the parties' other disputes are better directed to Magistrate Judge Knowles in the first instance.